UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4969-GW-AFMx | Date | November 17, 2021 |
|---|---|---|---|
| Title | *Mediatek, Inc., et al. v. NXP Semiconductors N.V., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

None Present                                             None Present

**PROCEEDINGS:**    **IN CHAMBERS - COURT ORDER**

Based on the parties' agreement to accept the attached tentative ruling, the Court will adopt it as its final ruling on the motions to dismiss. The Court rules as follows:

> GRANTS NPX's motion to dismiss the willful infringement claims without prejudice;
>
> GRANTS NPX's motion to dismiss the pre-suit indirect infringement claims without prejudice and DENY NPX's motion to dismiss the post-suit indirect infringement claims;
>
> GRANTS Arrow, Avnet, and Bosch's motions to dismiss the willful infringement claims without prejudice;
>
> GRANTS Arrow, Avnet, and Bosch's s motions to dismiss the indirect infringement claims without prejudice.

Plaintiff is permitted to file any amended pleading within 14 days of this final ruling on Movants' motions and consistent with the determinations reached in this ruling.

The Court takes the November 18 hearing off-calendar, and sets a Rule 26(f) case management/scheduling conference for December 13, 2021 at 8:30 a.m.

                                                                                                    :
                                                            Initials of Preparer    JAG

<u>**Mediatek Inc. et al v. NXP Semiconductors N.V. et al.**</u>, Case No. 2:21-cv-04969 GW (AFMx)
Tentative Ruling on Motions to Dismiss

## I. Background

Plaintiffs Mediatek Inc. and Mediatek USA Inc. (collectively, "Mediatek" or "Plaintiffs") filed this action on June 17, 2021, alleging that Defendants NXP Semiconductors N.V. and NXP USA, Inc. (collectively, "NXP"), Avnet, Inc. ("Avnet"), Arrow Electronics, Inc. ("Arrow"), Robert Bosch GmbH and Robert Bosch LLC (collectively, "Bosch"), and Continental AG and Continental Automotive GmbH (collectively, "Continental") (collectively, "Defendants") infringe U.S. Patent Nos. 6,738,845 (the "'845 patent"); 6,823,451 (the "'451 patent"); 8,464,037 (the "'037 patent"); 9,265,056, (the "'056 patent"); 9,538,531 (the "'531 patent"); and 10,211,948 (the "'948 patent") (collectively, "the Asserted Patents"). *See generally* Docket No. 1 ("Complaint"). Defendants NXP, Avnet, Arrow, and Bosch (collectively, "Movants") each filed motions to dismiss challenging Plaintiff's induced infringement, contributory infringement, and willful infringement claims under Fed. R. Civ. P. 12(b)(6). *See* Docket Nos. 39 ("Avnet MTD"), 41 ("Arrow MTD"), 43 ("NXP MTD"), 45 ("Bosch MTD"). Plaintiff opposed those motions. *See* Docket Nos. 49 ("Arrow Opp'n"), 50 ("Avnet Opp'n"), 51 ("Bosch Opp'n"), 52 ("NXP Opp'n"). Movants replied. *See* Docket Nos. 53 ("Avnet Reply"), 54 ("NXP Reply"), 55 ("Arrow Reply"), 56 ("Bosch Reply").

## II. Legal Standards

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

In deciding a Rule 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations.

*Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). A court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff facing a Rule 12(b)(6) motion has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Id.*; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013). But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] . . . the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (citations omitted).

A party asserting claims for fraud must meet the heightened pleadings standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

**III. Discussion**

    A. <u>NXP</u>

        1. <u>Willful Infringement</u>

NXP argues that the Complaint does not plead both the requisite pre-suit knowledge and egregious conduct necessary to show a plausible claim of willful infringement. *See* NXP MTD at 6-9. The Complaint alleges the following for Plaintiff's willful infringement claim:

> MediaTek is informed and believes, and thereon alleges, that Defendants' infringement of the [Asserted Patents] has been and continues to be willful. Defendants have had knowledge of the [Asserted Patents] and its infringement of the [Asserted Patents] at least since the service of this complaint. Defendants have deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for MediaTek's patent rights. Thus, Defendants' infringing actions have been and continue to be consciously wrongful.

Complaint ¶ 104; *see also id.* ¶¶ 120, 139, 157, 173. Regarding the '845 Patent, Plaintiff also

alleges that NXP had knowledge of the '845 Patent "at least since its acquisition of [Freescale Semiconductor, Ltd. ("Freescale")]." *Id*. ¶ 87; *see also id*. ¶ 80. NXP argues that none of those allegations show that NXP had pre-suit knowledge of the Asserted Patents. NXP MTD at 6-8. Specifically for the '845 Patent, NXP argues that Freescale's license to the '845 Patent and Plaintiff's "boilerplate" allegations of willful blindness were insufficient to show that NXP had pre-suit knowledge that it infringed the '845 Patent. *Id*. at 7–8. Additionally, NXP argues that Plaintiff's allegations only recite the standard for willful infringement and do not recite facts sufficient to show egregious conduct. *Id*. at 8--9.

Plaintiff responds that the Complaint alleges facts sufficient to show that NPX had pre-suit knowledge of at least the '845 Patent. NXP Opp'n at 8-9. Further, Plaintiff argues that it does not need to plead specific facts to show egregious conduct. *Id*. at 9-10.

NPX replies that there is no dispute that Plaintiff did not allege pre-suit knowledge of the Asserted Patents other than the '845 Patent. NPX Reply at 3-4, 8. NPX also argues that Plaintiff's allegation that NPX acquired Freescale was insufficient to show that NPX had pre-suit knowledge of the '845 Patent or was willfully blind. *Id*. at 4-5. Finally, NPX argues that this Court specifically requires that the complaint alleges "egregious conduct." Reply at 8-9 (citing *Document Sec. Sys. v. Lite-On, Inc*., No. 2:17-cv-06050-JVS-(JCGx), 2018 U.S. Dist. LEXIS 239561, at *4-10 (C.D. Cal. Feb. 5, 2018)).

In *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, the Supreme Court emphasized that for cases of willful infringement, the patentee must show that the infringement was an "egregious case[] of misconduct beyond typical infringement." *See* 136 S. Ct. 1923, 1935 (2016); *see also id*. at 1936 (Breyer, J., concurring) ("[T]he Court's references to 'willful misconduct' do not mean that a Court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more.") (emphasis in original). The Supreme Court stated, "section 284 allows district courts to punish the full range of culpable behavior . . . however, such punishment should generally be reserved for egregious cases typified by willful misconduct." *Id*. at 1933–34 (emphasis added). The Supreme Court described the "sort of conduct warranting enhanced damages" as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or indeed-characteristic of a pirate." *Id*. at 1932.

The Federal Circuit has confirmed that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co*., 829

F.3d 1317, 1341 (Fed. Cir. 2016). "Post-*Halo*, courts have recognized that allegations of willful blindness can satisfy the knowledge requirement for willful infringement." *Corephotonics, Ltd. v. Apple, Inc.*, No. 5:17-cv-06457-LHK, 2018 WL 4772340, at *9 (N.D. Cal. Oct. 1, 2018) (citing *Straight Path IP Grp., Inc. v. Apple Inc.*, No. 3:16-cv-03582-WHA, 2017 WL 3967864, at *4 (N.D. Cal. Sept. 9, 2017)); *see also Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, No. 1:19-cv-1239-CFC, 2020 WL 4365809, at *5 (D. Del. July 30, 2020). Willful blindness requires both that "(1) [t]he defendant subjectively believes that there is a high probability that a fact exists and (2) the defendant must have taken deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB SA*, 563 U.S. 754, 769 (2011). Further, as this Court has held, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's prefiling conduct." *Soteria Encryption, LLC v. Lenovo United States, Inc.*, No. 2:16-cv-07958-GW-(JPRx), 2017 WL 3449058, at *3 (C.D. Cal. Feb. 27, 2017).

The Court agrees with NXP that Plaintiff's willful infringement contentions are insufficient for the '451, '037, '056, '531, and '948 Patents. The Complaint only alleges that NPX had knowledge of those patents "at least since the service of this complaint." Complaint ¶¶ 104, 120, 139, 157, 173. Thus, the Complaint does not include any allegations that NPX had pre-suit knowledge of those patents to make a claim for willful infringement.

The Court also agrees with NXP that Plaintiff's willful infringement contentions are insufficient for the '845 Patent. Although the Complaint alleges that NXP had knowledge of the '845 Patent "at least since its acquisition of Freescale," the Complaint does not specify when NXP acquired Freescale. *Id.* ¶ 87; *see also id.* ¶ 80. Thus, it is not clear from the Complaint that NXP allegedly had pre-suit knowledge of the '845 Patent or was willfully blind to the '845 Patent prior to Plaintiff filing the Complaint in this matter.

Finally, the Court finds that the allegations in the Complaint are insufficient to show that NPX's conduct was egregious. This Court has found that allegations of continued infringement and knowledge alone are insufficient to show egregious conduct. *See Document Sec. Sys., Inc v. Nichia Corp.*, No. 2:19-cv-08172-JVS (JEMx), 2020 WL 3881623, at *3–4 (C.D. Cal. Mar. 4, 2020). The Complaint only alleges that NPX has "deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for MediaTek's patent rights." Complaint ¶¶ 104, 120, 139, 157, 173. Such averments are merely formulaic and simply legal

conclusions. These are not specific facts to show that NPX's conduct was egregious.

Accordingly, the Court **GRANTS** NPX's motion to dismiss regarding Plaintiff's willful infringement claims without prejudice. The Court is not persuaded that permitting leave to amend Plaintiff's allegations of this issue would be futile, and Plaintiff will be allowed to amend its willful infringement claim in its Complaint. *Knappenberger*, 566 F.3d at 942 ("Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'").

2. <u>Indirect Infringement Allegations</u>

NPX argues that the Complaint does not allege facts sufficient to show that NPX indirectly infringed the Asserted Patents, either by inducing or contributing to infringement. NPX MTD at 9-11. Specifically, NPX argues that the Complaint does not show that NPX had pre-suit knowledge of the Asserted Patents. *Id*. at 9-10. NPX also argues that "MediaTek has not attempted to plead any factual allegations to show that it is plausible that NXP specifically intended its customers to infringe any of the Asserted Patents, as required for inducement, or that any NXP component is a material part of any invention, as required for contributory infringement." *Id*. at 10 (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)). Additionally, NPX argues that Plaintiff does not allege that the accused products have no substantial non-infringing uses, as required for contributory infringement as well. *Id*. at 10-11.

Plaintiff responds that it properly pled that NPX has post-suit knowledge of the Asserted Patents, which is sufficient for indirect infringement. NPX Opp'n at 4-5. Plaintiff also argues that it properly alleged pre-suit knowledge of the '845 Patent. *Id*. at 5. Citing this Court's decision in *Teradyne, Inc. v. Astronics Test Sys., Inc.*, Plaintiff further argues that the remainder of its indirect infringement allegations are sufficient. *Id*. at 5–7 (citing No. 2:20-cv-02713-GW (SHKx), 2020 WL 8173024, at *5 (C.D. Cal. Nov. 6, 2020)).

NPX replies that Plaintiff has not properly alleged pre-suit infringement for the same reasons presented for Plaintiff's willful infringement claims. NPX Reply at 3-5. NPX also argues that Plaintiff has not sufficiently pled "specific intent" for Plaintiff's induced infringement claim, asserting that NPX only cites cases addressing contributory infringement, which are inapplicable to induced infringement. *Id*. at 5-7. Finally, NPX argues that the Federal Circuit has specifically rejected similar allegations to the allegations in the Complaint that the

5

accused products have no substantial non-infringing uses. *Id*. at 7-8 (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337-38 (Fed. Cir. 2012)).

The Court finds that Plaintiff has sufficiently pled its indirect infringement claims. *First*, the Court agrees with Plaintiff that it has sufficiently alleged the knowledge requirement for indirect infringement. To make out a claim for induced infringement, Teradyne must sufficiently allege "that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). Ultimately, "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). This Court has found, however, that alleging post-suit knowledge is sufficient to plead indirect infringement. *See Teradyne*, 2020 WL 8173024, at *5. Although Plaintiff has not sufficiently pled that NPX had pre-suit knowledge of the Asserted Patents, as discussed above regarding Plaintiff's willful infringement allegations, the Complaint alleges that NPX had knowledge of the Asserted Patents at least at the time of the Complaint. *See* Complaint ¶¶ 87, 104, 120, 139, 157, 173. Thus, the Complaint sufficiently pleads the knowledge requirement for indirect infringement.

*Second*, Plaintiff has sufficiently pled that the accused products have no substantial non-infringing uses. "[A] substantial non-infringing use is any use that is not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *In re Bill of Lading,* 681 F.3d at 1337 (quoting *Vita–Mix*, 581 F.3d at 1327–29) (internal quotations omitted). The Complaint alleges that the accused products are "a material part of the inventions of the [Asserted Patents] and are not staple articles or commodities of commerce suitable for substantial non-infringing use." Complaint ¶¶ 82, 103, 119, 138, 56, 172. This Court has found similar allegations sufficient to survive a motion to dismiss. *Locata LBS, LLC v. Yellowpages.com, LLC*, No. 2:13-cv-07664-JAK (SHx), 2014 WL 2581176, at *6 (C.D. Cal. Apr. 18, 2014) (interpreting *In re Bill of Lading* to find that allegation that Defendant's products "have no substantial non-infringing uses" was sufficient) (citing *Driessen v. Sony Music Entertainment*, 2013 WL 4501063, *2 (D. Utah, 2013)); *see also Lifetime Indus., Inc. v. Trim-*

6

*Lok, Inc.*, 869 F.3d 1372, 1380 (Fed. Cir. 2017) ("Lifetime alleged … that the [accused products] have no noninfringing use. Our precedent does not require Lifetime to do more."). Plaintiff's allegations here are also plausible.

*Third*, Plaintiff sufficiently alleged that NPX intended to induce its customers to infringe and that the accused products are a material part of the invention. *See* Complaint ¶¶ 81 (alleging that NPX induced infringement by "controlling the design and manufacture of, offering for sale, selling, supplying, and otherwise providing instruction and guidance regarding the above-described products with the knowledge and specific intent to encourage and facilitate infringing uses of such products by its customers"), 82, 102, 103, 118, 119, 137, 138, 155, 156, 171, 172; *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355-56 (Fed. Cir. 2018) (reversing order granting motion to dismiss, finding that allegations that accused infringer "performed various activities with specific intent to induce other," such as by "providing instructions, support, and technical assistance for the use of the [accused product]" was sufficient to plead the "specific intent" element for induced infringement).[1]

Accordingly, the Court **GRANTS** NPX's motion to dismiss regarding Plaintiff's pre-suit indirect infringement claims and **DENIES** NPX's motion to dismiss regarding Plaintiff's post-suit indirect infringement claims.

### B. Arrow, Avnet, and Bosch

#### 1. Willful Infringement Allegations

Arrow, Avnet, and Bosch argue that the Complaint does not plead both the requisite pre-suit knowledge and egregious conduct necessary to show a plausible claim of willful infringement. *See* Avnet MTD at 6-9; Arrow MTD at 6-9; Bosch MTD at 6-9. In its opposition briefs, Plaintiff agreed to withdraw its willful infringement claims against Arrow, Avnet, and Bosch. *See* Avnet Opp'n at 1 n.1; Arrow Opp'n at 1 n.1; Bosch Opp'n at 1 n.1. Accordingly, the Court **GRANTS** Avnet, Arrow, and Bosch's motions to dismiss regarding Plaintiff's willful infringement allegations against Avnet, Arrow, and Bosch without prejudice.

#### 2. Indirect Infringement Allegations

Arrow, Avnet, and Bosch argue that the Complaint does not plead any facts or allegations of induced or contributory infringement against Arrow, Avnet, and Bosch. *See* Avnet MTD at 6-

---

[1] NPX does not respond to Plaintiff's arguments that it properly pled that the accused products constitute a material part of the claimed invention to support its contributory infringement claim.

9; Arrow MTD at 6-9; Bosch MTD at 6-9. Plaintiff opposes, citing its allegations that Arrow, Avnet, and Bosch "have committed and continue to commit acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in California and the United States" for the purposes of establishing personal jurisdiction. *See generally* Avnet Opp'n; Arrow Opp'n; Bosch Opp'n; *see also* Complaint ¶¶ 28, 30, 32. These allegations are insufficient as they are merely legal conclusions.

Accordingly, the Court **GRANTS** Avnet, Arrow, and Bosch's motions to dismiss regarding Plaintiff's indirect infringement allegations against Avnet, Arrow and Bosch without prejudice. The Court is not persuaded that permitting leave to amend Plaintiff's allegations of this issue would be futile, and Plaintiff will be allowed to amend its indirect infringement claim in its complaint. *Knappenberger*, 566 F.3d at 942 ("Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'").

### IV. Conclusion

The Court would rule as follows:

- **GRANT** NPX's motion to dismiss the willful infringement claims without prejudice;
- **GRANT** NPX's motion to dismiss the pre-suit indirect infringement claims without prejudice and **DENY** NPX's motion to dismiss the post-suit indirect infringement claims;
- **GRANT** Arrow, Avnet, and Bosch's motions to dismiss the willful infringement claims without prejudice;
- **GRANT** Arrow, Avnet, and Bosch's motions to dismiss the indirect infringement claims without prejudice;
- Plaintiff would be permitted to file any amended pleading within 14 days of this final ruling on Movants' motions and consistent with the determinations reached in this ruling.